Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

*Attorney for Plaintiff,*
HUNG VANNGO

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUNG VANNGO,<br><br>       Plaintiff,<br><br>v.<br><br>BEAUTY ADVISOR, LLC; and DOES 1 through 10 inclusive,<br><br>       Defendant. | Case No. _____3:21-cv-7035_____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) VIOLATION OF CAL. PENAL CODE § 528.5**<br><br>**(3) VIOLATION OF CAL. CIV. CODE 3344** |

Plaintiff, Hung Vanngo alleges as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*, violation of California Penal Code § 528.5, and California Civil Code §3344.

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331, 20 U.S.C. §1332, 28 U.S.C. §1367, and 28 U.S.C. § 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant conducts business and has a principal place of business in California, Defendant's

1
**COMPLAINT**

acts complained of herein occurred in the state of California, and Defendant caused injury to Plaintiff within the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Plaintiff Hung Vanngo ("Vanngo") is an individual residing in the state of New York.

6. Defendant Beauty Advisor, LLC ("Beauty Advisor") is a Delaware limited liability company with a principal place of business at 380 Hamilton Ave, #1001, Palo Alto, California, 94302, United States.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff Hung Vanngo is a make-up artist and photographer.

9. Vanngo has worked with numerous celebrities including Selena Gomez, Jennifer Lawrence, Jennifer Lopez, Julianne Moore, Katy Perry, Gwyneth Paltrow, Amy Adams, Kate Bosworth, Emily Ratajkowski, Gisele Bundchen and Miranda Kerr.

10. The quality of his work has made him a go-to source for many of fashion's most prestigious designers and brands, including Marc Jacobs, Lancôme,

L'oréal, Estée Lauder, CoverGirl, Calvin Klein, Max Mara, Saks Fifth Avenue, and Victorias Secrets.

11. As a result of his success, Vanngo has become a prominent and well respected member of the fashion and makeup industry.

12. Vanngo is the exclusive rights holder to 15 photographs including three photographs of model Emily Ratajkowski ("Ratajkowski Photographs"), two photographs of singer Selena Gomez ("Gomez Photographs"), two photographs of model Elsa Hosk ("Hosk Photographs"), one photograph of actress Annabelle Wallis ("Wallis Photograph"), one photograph of model Jasmine Sanders ("Sanders Photograph"), one Photograph of model Joan Smalls ("Smalls Photograph"), one photograph of model Taylor Hill ("Hill Photograph"), one photograph of model Jasmine Tookes ("Tookes Photograph"), one photograph of actress Sophie Turner ("Turner Photograph") and one photograph of actress Kate Bosworth ("Bosworth Photograph").

13. Collectively these will be referred to as the Photographs.

14. Attached hereto as Exhibit A is a true and correct copies of the Photographs.

15. Vanngo has registered each of the Photographs with the United States Copyright Office. Said registrations have been accepted and certificates of registration for the Photographs have been duly issued.

16. Defendant Beauty Advisor operates a platform for the community, where skilled experts share the results of their work and are ready to answer questions.

17. Users of the Beauty Advisor platform can search for beauty ideas, find professionals to connect and get advice, and purchase various beauty products.

18. Beauty Advisor operates its platform via the website www.beautyadvisor.com as well as through the Beauty Advisor App available through the Apple App store.

19. The Beauty Advisor platform allows users, beauty professionals, and brands to create profiles and interact with one another.

20. Beauty Advisor relies on the presence of beauty professional "influencers" to attract users to its platform.

21. An "influencer" is someone who has the power to affect the purchasing decisions of others because of his or her authority, knowledge, position, or relationship with his or her audience.

22. Beauty Advisor touts the ability of users to "connect and get advice from beauty pros" and has a section of their website dedicates to help users "find pros" to connect with and ask advice.

23. Every profile on the Beauty Advisor platform for a beauty professional contains a banner with the words "PRO" in prominent red lettering next to the profile picture.

24. On or about January 2021, Vanngo discovered a beauty professional profile on the Beauty Advisor platform purporting to be of Vanngo.

25. The profile username was listed as @hungvanngo, featured a picture of Vanngo, and contained the red "PRO" label.

26. The profile had over 1,000 followers, contained a description of Vanngo's professional accomplishments, and contained a section for users to solicit "pro advice."

27. The profile also contained a gallery of images which included the Photographs.

28. Vanngo had never signed up for a profile on Beauty Advisor.

29. A true and correct screenshot of the profile on Beauty Advisor is attached hereto as Exhibit B.

30. Vanngo also discovered an Instagram post from Beauty Advisor dated November 2020 featuring the Sanders Photograph with the caption "Check out Hung Vanngo on the BeautyAdvisor App for more."

31. Attached hereto as Exhibit C is a true and correct screenshot of the Instagram post.

32. Vanngo did not authorize Beauty Advisor to use his image or likeness to promote the Beauty Advisor platform, nor did Vanngo authorize Beauty Advisor to display any of the Photographs on its platform.

33. Vanngo is informed and believes that Beauty Advisor knowingly and intentionally created the fake profile using Vanngo's image and likeness in order to attract users to its platform.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs on the Beauty Advisor platform.

36. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

37. Specifically, Defendant copied and then publically displayed the Photographs on the Beauty Advisor Platform.

38. Plaintiff is informed and believes that Defendant has the right and ability to supervise and control the content of the Beauty Advisor platform.

39. Plaintiff is informed and believes that Defendant receives a financial benefit from content posted to the Beauty Advisor platform.

40. Plaintiff is informed and believes that the content on the Beauty

Advisor platform acts as a draw for users of the Internet to visit the Beauty Advisor platform in order for Defendant to increase its revenues.

41. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

42. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502 and an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## FALSE IMPERSONATION ON INTERNET WEBSITE
### Cal. Penal Code § 528.5

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Cal. Penal Code § 528.5(a) provides, in pertinent part, that "any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Web site or by other electronic means for purposes of harming, intimidating, threatening, or defrauding another person" has committed the misdemeanor offense of false impersonation.

45. Cal. Penal Code § 528.5(e) provides, in pertinent part: "In addition to any other civil remedy available, a person who suffers damage or loss by reason of a violation of subdivision (a) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief . . . ."

46. Vanngo is a "person" within the meaning of Cal. Penal Code § 528.5.

47. Defendant has knowingly, and without consent, credibly impersonated Vanngo, on the Beauty Advisor Platform.

48. Defendant's purpose in creating fake Vanngo profile on the Beauty Advisor platform was to harm, intimidate, threaten, or defraud Vanngo and users of the Beauty Advisor Platform.

49. Plaintiff is entitled to compensatory damages and injunctive relief, along with "any other civil remedy available," including but not limited to an award of costs, reasonable attorneys' fees, and punitive damages.

### THIRD CAUSE OF ACTION
### RIGHT OF PUBLICITY VIOLATION
### Cal. Civ. Code §3344

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. California Civil Code § 3344(a) provides: "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs."

52. Defendant used Plaintiff's name, photograph, and likeness knowingly and deliberately, without the prior consent Plaintiff.

53. Each such use was unequivocally and directly for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services such that prior consent was required.

54. Plaintiff has suffered actual damages as a result of Defendant's

deliberate use of his name, photograph, and likeness.

55. Defendant engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Plaintiff. Plaintiff is entitled to compensatory and punitive damages. Plaintiff is entitled to attorney fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For compensatory damages in an amount equal to or greater of seven hundred fifty dollars ($750) for each unauthorized use Plaintiff's names or photographs, or actual damages suffered by Plaintiff pursuant to California Civil Code § 3344;

- For compensatory damages and injunctive relief, along with "any other civil remedy available," including but not limited to an award of costs, reasonable attorneys' fees, and punitive damages pursuant to Cal. Penal Code § 528.5;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For an injunction preventing Defendant from further unauthorized use of the image, name or likeness of Plaintiff;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and Cal. Civ. Code §3344;

- For punitive damages;

- For an award of pre- and post-judgment interest; and,

- For any other relief the Court deems just and proper.

///

Dated: September 10, 2021                                Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Hung Vanngo, hereby demands a trial by jury in the above matter.

Dated: September 10, 2021                                  Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
*Counsel for Plaintiff*